# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TAGGET ROLAND WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case Number: 1:12-cv-00263-VEH-JHE |
| JOHN T. RATHMAN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On January 26, 2012, Petitioner Tagget Roland Williams ("Williams") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Williams was incarcerated at the Federal Prison Camp in Talladega, Alabama serving a 96-month sentence followed by five years supervised release for possession of a firearm by a convicted felon in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A)(II) and (III), and 21 U.S.C. 846, conspiracy to distribute and possession with intent to distribute ore than five kilograms of cocaine and more than fifty grams of cocaine base. (*See* doc. 5). In his petition, William alleged his request for Residential Re-Entry Center ("RRC") transfer and designation was improperly denied. (Doc. 1). On December 24, 2013, Williams was released from federal custody. (Doc. 7). Respondents have filed a motion to dismiss the action as moot, since Williams is no longer in federal custody. (*Id.*). For the reasons stated below, Respondents' motion will be granted and the action be dismissed as moot.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or

controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted). Williams' release from federal custody rendered his petition moot.

The relief sought by Williams in his petition is for RRC designation and transfer. Because Williams is no longer in federal custody, and thus not eligible for RRC designation and transfer, his petition has been rendered moot, unless an exception to the mootness doctrine applies. There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S. Ct. 1556, 1559 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183-84 (1982). Neither exception applies here. The collateral consequences exception does not apply because there are no "disabilities or burdens which may flow" from the custody that Williams challenges. *See Carafas*, 391 U.S. at 237, 88 S. Ct. at 1559. The exception for events "capable of repetition, yet evading review" does not apply here either. Petitioner has been released from custody, and the potential circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief. *See Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348-49 (1975) (holding that the "capable of repetition, yet evading review" exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.). Because there is no longer any relief that can be granted to Williams, his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, (doc. 7), is **GRANTED**. A separate order will be entered.

DONE this 21st day of February, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge